UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAKEEM SULTAANA, | ) Case No. 1:23-cv-1791 |
| Plaintiff, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| TIM MCCONAHAY, Warden, *et al.*, | ) Reuben J. Sheperd |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff Hakeem Sultaana filed suit without a lawyer, alleging violations of his constitutional rights during his incarceration in a State prison. On January 31, 2024, the Court referred this matter for pretrial case management to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and the Local Rules of the Northern District of Ohio. (ECF No. 12.)

On April 10, 2024, the Magistrate Judge conducted an initial case management conference, which Plaintiff attended. (*See* ECF No. 20.) At the case management conference, the Magistrate Judge set a schedule to govern the case and made other decisions typical of such conferences. (*Id.*) On April 18, 2024, Plaintiff timely objected to the Magistrate Judge's order. (ECF No. 22.)

A district court judge may designate a magistrate judge to "hear or determine any pretrial matter pending before the court," with several exceptions not relevant here. 28 U.S.C. § 636(b)(1)(A). When a party timely objects to a magistrate judge's order on a non-dispositive matter, the district court may reconsider any ruling shown

to be "clearly erroneous or contrary to law" and modify it or set it aside. *Id.*; Fed. R. Civ. P. 72(a). A "clearly erroneous" ruling is one that leaves the reviewing court, on the entire record, with the definite and firm conviction that a mistake was made. *Klingeman v. DeChristofaro*, No. 4:09-cv-528, 2011 WL 4699819, at *1 (N.D. Ohio Oct. 6, 2011) (citations omitted). If evidence supports the ruling, and the ruling is reasonable, then it is not clearly erroneous. *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, No. 1:96-cv-1780, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006) (quoting *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985)). A ruling is "contrary to law" where it "improperly applies the law or uses an erroneous legal standard." *Id.* (cleaned up). Generally, the Court's job is not to conduct a free-wheeling examination of the Magistrate Judge's pretrial case management. Instead, the Court only addresses any specific objections that a party has advanced to some particular action or ruling.

Upon review of the Magistrate Judge's Case Management Conference Order (ECF No. 20) and the record as a whole, the Court finds no objection that Plaintiff raises meets the high standard for setting aside or modifying that Order. To the contrary, the Magistrate Judge entered a routine order to govern the pretrial work-up of the case, including discovery, and a schedule he felt appropriate based on his discussions with the parties and the needs of the case. Of course, that order might prove unworkable in practice in some respect or otherwise require a change—and the Rules provide for amendment or modification in such circumstances. But the record provides no suggestion that the Magistrate Judge is unwilling or unable to manage

the case appropriately consistent with the order of reference (ECF No. 12).  While Mr. Sultaana complains that his status as an inmate makes compliance with the case management order difficult or impossible for him, such objections do not present clear error or an abuse of discretion on this record for at least two reasons.  First, Plaintiff participated in the case management conference and presumably expressed such concerns, which the Magistrate Judge considered in issuing the order.  Second, as noted, the Magistrate Judge may adjust the schedule or other terms of the order if necessary and appropriate.

Two final issues.  With respect to amendment, the case management order—like most such orders—sets a deadline for amendment of the pleadings to add claims or parties.  (ECF No. 20, PageID #278.)  Plaintiff objects based on the liberal amendment policy of Rule 15(a).  (ECF No. 22, PageID #288–89.)  This objection is not well taken.  Under federal practice, a deadline for amendment of the pleadings set under Rule 16 changes the standard for amendment.  After such a deadline, amendment might still be permissible for good cause.  But the liberal standard no longer applies because at some point the parties must know the parties and the claims at issue.  Again, if Plaintiff needs more time for amendment within the liberal standard of Rule 15(a), he can move for an extension of that deadline.  Alternatively, he may seek to amend for good cause after the deadline.

Finally, Mr. Sultaana objects that the parties did not consent to the exercise of jurisdiction by the Magistrate Judge.  (ECF No. 22, PageID #287.)  The case management order notes as much as well.  (ECF No. 20, PageID #277.)  The Court

referred this matter to the Magistrate Judge only for management of pretrial matters consistent with federal law and the Rules of this Court. He is not exercising jurisdiction in this matter.

Beyond that, Plaintiff's objections appear to go to the merits of his claims. Accordingly, the Court declines to wade into those matters.

For all these reasons, the Court **OVERRULES** Plaintiff's objections to the case management order.

**SO ORDERED.**

Dated: April 18, 2024

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio