**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| AMIRAH SULTAANA, ADMINISTRATOR OF THE ESTATE OF HAKEEM SULTAANA, DECEASED, | Case No. 1:23-cv-01791 |
| | Judge J. Philip Calabrese |
| | Magistrate Judge Reuben J. Sheperd |
| Plaintiff, | |
| v. | |
| MANSFIELD WARDEN TIM MCCONAHAY, *et al.*, | |
| Defendants. | |

**OPINION AND ORDER**

Plaintiff Hakeem Sultaana, an Ohio prisoner incarcerated at the Ross Correctional Institution, filed this action without a lawyer against twelve Defendants, including prison staff, employees of the Ohio Department of Rehabilitation and Correction, and members of the Ohio State Highway Patrol. The complaint alleged violations of Mr. Sultaana's federal civil rights under 42 U.S.C. § 1983 for incidents that allegedly occurred during his incarceration at the Mansfield Correctional Institution. After more than a year of litigation, Mr. Sultaana passed away. Pursuant to Rule 25(a)(1), Amirah Sultaana, Mr. Sultaana's mother and the administrator of his estate, was substituted as the proper party.

On September 30, 2025, the Court granted Defendants' motion for judgment on the pleadings and dismissed Plaintiff's claims without prejudice. (ECF No. 72.) On October 14, 2025, Plaintiff filed four motions for leave to file various supplemental

briefs, exhibits, and affidavits, as well a motion to vacate, amend, or reconsider the judgment. (ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80.) On October 20, 2025, Plaintiff filed six additional motions for leave to file supplemental briefs, exhibits, affidavits, preserve estate rights, and vacate or amend the judgment, among other things. (ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 84; ECF No. 85; ECF No. 86.) Across all of these filings, Plaintiff makes similar or identical arguments with a common request asking to litigate this matter further after its dismissal. Therefore, the Court liberally construes all of these filings as a motion for reconsideration pursuant to Rule 59 and Rule 60 and addresses these filings in this ruling.

Further, the Court notes that the combined page count of all 10 of these motions and their attachments with overlapping and repetitive arguments is roughly 440 pages. The Court is within its rights to strike filings that do not adhere to the page limitations and other procedural requirements of the Local Rules of its Civil Standing Order. For that reason, the Court advises Ms. Sultaana that, if she persists in making frivolous filings, the Court will restrict her ability to file papers in the Northern District of Ohio.

## ANALYSIS

Generally, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 delineate the circumstances under which a court will grant reconsideration. Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or

2

reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff does not argue that there was an intervening change in the controlling law. Therefore, the Court liberally construes Plaintiff's arguments as either an argument (1) to establish that new evidence is available, (2) that clear error occurred or (3) that reconsideration is necessary to prevent a manifest injustice. *Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

**I.     New Evidence**

Plaintiff seeks to introduce supplemental affidavits that she argues "further establish genuine disputes of material fact." (ECF No. 77, PageID #1236.) She characterizes these affidavits as providing evidence of "unlawful classification and diversion from Level 2 placement," "retaliatory assaults," and "tampering with evidence and obstruction of justice." (*Id.*, PageID #1237.) In her attached exhibit, Plaintiff claims that, "[s]ince the prior ruling, Plaintiff has obtained new documentary evidence . . . showing that material facts were withheld and

3

misrepresented to this Court." (ECF No. 77-1, PageID #1245–46.) But this filing does not provide any documentary evidence. (*See generally id.*) Instead, it includes conclusory allegations that Defendants and others suppressed facts and falsified records, constituting "fraud, misrepresentation, and misconduct." (*Id.*, PageID #1246.) Also, Plaintiff includes recitations of various rules of the Ohio Administrative Code and ODRC rules. (*Id.*, PageID #1247–63.) But Plaintiff does not provide a single piece of new documentary evidence in this filing, just bare assertions.

Plaintiff attaches a 77-page brief and accompanying record from a civil complaint between Mr. Sultaana and an inmate at Mansfield Correctional Center regarding the alleged assault on September 15, 2021. (ECF No. 78-1.) These documents include similar allegations that Mr. Sultaana previously made regarding the alleged assault in this case. (*Id.*, PageID #1274–1283.) However, this is an action solely against the inmate who allegedly assaulted Mr. Sultaana. (*Id.*) Nothing in these 77 pages contains any new information that is material to the Court's determination that Mr. Sultaana failed to exhaust his administrative remedies. (ECF No. 72, PageID #1184.) Instead, these pages contain efforts by Amirah Sultaana to request records (ECF No. 78-1, PageID #1291–93), investigative materials regarding the inmate who allegedly assaulted Mr. Sultaana (*id.*, PageID #1294–95, #1303–11 & #1323–24), affidavits regarding details about the alleged assault from an inmate and about Mr. Sultaana's death from Amirah Sultaana (*id.*, PageID #1299–1301 & #1345), the same kite that Mr. Sultaana included with his complaint in this case (*id.*, PageID #1302), and medical records regarding the alleged

4

assault (*id.*, PageID #1312–22). In any event, based on the filing dates of these documents, this information was available to Plaintiff before the Court dismissed this action. (*See generally id.*)

Plaintiff claims that "coroner correspondence, withheld hospital records, and witness affidavits—surfaced only after dismissal." (ECF No. 80, PageID #1386.) Also, she alleges that "exhibits demonstrating previously unavailable evidence of staff misconduct, falsified reports, and medical irregularities preceding Hakeem Sultaana's death" constitute "newly discovered material facts" that "materially alters the factual landscape of the case." (*Id.*, PageID #1392.) Again, looking past Plaintiff's summaries of these documents, none goes to the core procedural issue of Plaintiff's failure to exhaust administrative remedies. That was the issue that led to dismissal. (ECF No. 72, PageID #1184.)

Also, Plaintiff files a memorandum of law and affidavits "documenting two assaults" that allegedly occurred during Mr. Sultaana's time in the transitional program unit at Mansfield Correctional. (ECF No. 79, PageID #1353.) But nothing in the memorandum provides any new evidence—or makes any new arguments for that matter—regarding Mr. Sultaana's exhaustion of administrative remedies. (*See generally id.*) Indeed, the focus of this filing is on the alleged assaults and deliberate indifference from prison officials. (*Id.*)

In addition, Plaintiff files an analysis of various ODRC policies regarding the transitional programming unit, the Ohio Administrative Code regarding restrictive housing, and other general policy rules. (ECF No. 79-1.) None of these documents

5

demonstrate whether Mr. Sultaana was restricted in filing grievances, nor do they rebut the evidence that he failed to exhaust his administrative remedies. (ECF No. 72, PageID #1175.)

Plaintiff files an additional affidavit regarding "forgotten assaults, classifications violations, and extended TPU confinement." (ECF No. 80-1.) This filing either highlights information of the alleged assaults already known to the Court, makes conclusory allegations of misconduct without evidentiary support, or references medical forms and policies that are not in the record or immaterial to Mr. Sultaana's failure to exhaust his administrative remedies. (*See generally id.*) Plaintiff's other filings claiming to provide new evidence suffer from the same defect. (*See, e.g.*, ECF No. 80-2; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 84; ECF No. 86; ECF No. 86-1.) Further, Plaintiff's attachment of 203 pages worth of various Court filings and proceedings in unrelated matters, medical records, affidavits, and investigative reports are either repetitive of previous filings or do nothing to demonstrate that Mr. Sultaana was not able to exhaust his administrative remedies. (*See generally* ECF No. 86-1.)

Further, Plaintiff claims that "[t]he Court's ruling did not address Plaintiff's documented proof that ODRC and CoreCivic/Northeast Ohio officials intentionally withheld hospital records, insulin dosage logs, and disciplinary forms that corroborate poisoning and torture." (ECF No. 80, PageID #1395.) But the Court analyzed the entirety of the record before its ruling, and Plaintiff makes no argument that any of these documents, even if the allegation that they were withheld or that

6

Mr. Sultaana was tortured are true, excuse the failure to exhaust administrative remedies.

For these reasons, the Court finds that Plaintiff has failed to present new evidence warranting reconsideration. *See Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

## II.　Clear Error or Manifest Injustice

### II.A.　Supplemental Briefing

Plaintiff moves for leave to file a "supplemental motion in opposition to Defendants' motion for summary judgment." (ECF No. 77.) Previously, Plaintiff moved to convert Defendants' motion for judgment on the pleadings to one for summary judgment. (ECF No. 38; ECF No. 69-2.) In its ruling, the Court declined to convert Defendants' motion for judgment on the pleadings to a motion for summary judgment because (1) the allegations involved the grievance procedure, which were a part of and integral to the pleadings, (2) Mr. Sultaana placed exhibits demonstrating that he had access to the grievance procedure before the Court, and (3) there was no question about the authenticity or accuracy of those exhibits. (ECF No. 72, PageID #1183.) Therefore, the Court did not convert Defendants' motion for judgment on the pleadings to a motion for summary judgment. (*Id.*)

### II.B.　Withdrawn Filings

Plaintiff alleges that her previous filings (ECF No. 36; ECF No. 38; ECF No. 39; ECF No. 48) were "improperly withdrawn without authorization of the Estate, to the benefit of Defendants and to the prejudice of the Estate." (ECF No. 77, PageID #1236.) Plaintiff claims that these withdrawals "prejudiced the Estate and directly

7

benefited Defendants by erasing objections and evidence." (*Id.*, PageID #1237.) However, on September 17, 2025, Plaintiff filed 29 motions for leave to file a variety of affidavits, oppositions, supplements, and notices that raised nearly identical arguments that Plaintiff made in her previously withdrawn filings, among other things. (ECF No. 69.) Contrary to Plaintiff's allegation that the Court "disregarded" her filings (ECF No. 79, PageID #1363), the Court reviewed all of these filings and determined that none clearly attempted to amend the original complaint. (ECF No. 72, PageID #1184). Further, the Court declined to exercise supplemental jurisdiction over a State law claim contained in one filing that the Court construed as an attempt to plead an additional cause of action. (*Id.*) In other words, nothing that Plaintiff initially filed was "erased." Contrary to what she might think, the Court reviewed everything in the record before dismissing this lawsuit.

Nor did the Court fail to rule on pending motions, as Plaintiff claims. (ECF No. 80, PageID #1391.) Plaintiff cites *McDowell v. Celebrezze*, 319 F.2d 43 (6th Cir. 1962), in her argument that "[t]he Court's summary dismissal without resolution of these motions violated the established rule that unresolved filings must be adjudicated before final judgment." (*Id.*) But *McDowell* does not acknowledge this principle or make that determination. Instead, *McDowell* addresses "the question whether the action of the District Judge in vacating on his own motion the earlier judgment was valid and proper." 319 F.2d at 44. It has no bearing here. In any event, the Court reviewed the entire record in making its determination to grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's claims. In

8

grant judgment on the pleadings, any liberal construction of Plaintiff's dozens of filings as pending motions renders them moot. Further, Plaintiff's cites *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), to argue that the Court's dismissal with "multiple substantive motions and evidentiary filings . . . pending" "violated the fundamental rule that a litigant must be given notice and an opportunity to be heard before dismissal." (ECF No. 80, PageID #1393.) But that case addressed questions of statutory notice in the context of the Fourteenth Amendment for beneficiaries deprived of property without due process of law. *Mullane*, 339 U.S. at 307. It has no bearing here. In any event, Plaintiff had notice. Defendants moved for judgment on the pleadings, and the parties fully briefed that motion.

Nor did the Court's dismissal "effectively deprive[] Plaintiff of the constitutional right to meaningful access to the courts guaranteed by *Bounds v. Smith*, 430 U.S. 817 (1977) and *Lewis v. Casey*, 518 U.S. 343 (1996)." (ECF No. 80, PageID #1391.) Contrary to Ms. Sultaana's conclusory allegations that "court access [was] impossible," she filed dozens of motions containing hundreds of pages. If anything, she had too easy access to the courthouse, not too little. Therefore, the Court determines that Plaintiff was not prejudiced by the withdrawal of her initial filings. Therefore, no manifest injustice occurred. *See Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

### II.C. Compliance with Court-Ordered Discovery

Plaintiff argues that Defendants failed to comply with the Court's Case Management Order which required all discovery and expert disclosures to be

completed by December 23, 2024. (ECF No. 78, PageID #1268.) Not true. On June 26, 2025, the Magistrate Judge "reviewed the status of case management deadlines as of Hakeem Sultaana's death and progress of the case now that Amirah Sultaana ha[d] been substituted in for his estate." (ECF No. 67, PageID #765.) On Plaintiff's request that limited fact discovery be reopened and expert discovery continue, the Magistrate Judge reinstated the case management deadlines for non-expert discovery, expert reports, expert discovery and dispositive motions, with the earliest date being October 24, 2025. (*Id.*, PageID #766.) Therefore, Defendants did not fail to comply with Court Orders.

Further, Plaintiff's allegation that the Court failed to order mediation or settlement proceedings after the case was fully briefed is without merit. At the case management conference on April 10, 2024, the Magistrate Judge discussed the parties' amenability to mediation and established a case management schedule. (Minutes, Apr. 10, 2024.) There is no evidence in the record that the opportunity for mediation or settlement proceedings was not available to Plaintiff at any time during the course of the litigation.

**II.D. Deceased Party**

Plaintiff contends that "[j]udgments entered against an incapacitated or deceased party without substitution are procedurally defective and constitutionally infirm." (ECF No. 78, PageID #1267.) But the Court substituted the estate as the proper party on June 17, 2025 pursuant to Rule 25(a)(1) (ECF No. 66), more than three months before it granted Defendants' motion for judgment on the pleadings (ECF No. 72).

10

### II.E. Ineffective Assistance of Counsel

Plaintiff claims that "[t]he appointed pro bono counsel neglected critical duties, failed to oppose dispositive motions, ignored discovery orders, and did not pursue court-ordered mediation." (ECF No. 78, PageID #1269; ECF No. 80, PageID #1388; ECF No. 80-2, PageID #1425; ECF No. 83, PageID #1446; ECF No. 84, PageID #1456.) Plaintiff provides no further explanation for this claim, instead citing *Maple v. Thomas*, 565 U.S. 266 (2012), with no explanation of its relevance here. That case involved a procedurally defaulted ineffective assistance of counsel claim in a habeas case, but it is not clear to the Court how it applies here, if at all. *Maple*, 565 U.S. at 279.

In any event, the Court is not aware of any evidence in the record of Plaintiff's counsel failing to oppose any dispositive motion or ignoring discovery orders. Nor is the Court aware of any Order regarding mediation. Even taking Plaintiff at her word that counsel neglected certain duties in her filings, Ms. Sultaana filed over 400 pages worth of arguments, exhibits, affidavits, and other documents before the Court dismissed Plaintiff's claims. The Court is satisfied that any alleged inaction by counsel does not amount to a manifest injustice in this case. *See Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

Also, Plaintiff claims that counsel allegedly withdrew filings without her consent, told Plaintiff that the case was "not worth anything," attempted to exclude Plaintiff from hearings, and refused to argue pending motions, and that counsel did not respond to these allegations, constituting "an admission by silence in open court." (ECF No. 79, PageID #1365 & #1369.) Counsel had no need to respond to these

11

allegations, and the Court did not request a response from her. Therefore, no admission by silence occurred. Ms. Sultaana and appointed counsel had differences of opinion about the case. But that does not amount to ineffective assistance or justify altering or amending the judgment.

### II.F. Fraud on the Court

Plaintiff makes several conclusory allegations with no evidentiary support regarding Defendants' alleged fraud on the Court and misrepresentation of material facts pursuant to Rule 60(d). Pursuant to Rule 60(d)(3), a court may "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court involves conduct:

> 1) on the part of an officer of the court; 2) that is directed to the judicial machinery itself; 3) that is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; 5) that deceives the court.

*Workman v. Bell*, 277 F.3d 331, 336 (6th Cir. 2000) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)).

Plaintiff must "allege specific facts to plausibly suggest that the actions taken by defendants actually subverted the administration of justice or defiled the integrity of the courts." *Rodriguez v. Honigman Milelr Schwartz & Cohn LLP*, 465 F. App'x 504, 509 (6th Cir. 2012). She has not done so here. Plaintiff merely alleges that "Defendants and state agents misrepresented Hakeem Sultaana's medical condition, falsely classifying his incapacitation as self-inflicted and concealing the assault and poisoning that precipitated his death." (ECF No. 78, PageID #1269.) She alleges that Defendants "presented fabricated medical narratives and incomplete investigative

reports to mislead the tribunal." (ECF No. 80, PageID #1385 & #1393.) But Plaintiff provides no evidence to substantiate these claims further. Therefore, the Court determines that Plaintiff has failed to allege specific facts that could plausibly suggest that Defendants subverted the administration of justice or deceived the Court. *Rodriguez*, 465 F. App'x at 509. In any event, none of these allegations implicate Mr. Sultaana's failure to exhaust his administrative remedies.

### II.G. Alleged Judicial Bias

Plaintiff claims that "[t]he totality of the record gives rise to a reasonable perception of judicial bias." (ECF No. 80, PageID #1390 & #1392; ECF No. 83, PageID #1445; ECF No. 84, PageID #1455.) In the context of trial, a judge's alleged misconduct "may be 'characterized as bias or prejudice' only if 'it is so extreme as to display clear inability to render fair judgment.'" *Lyell v. Renico*, 470 F.3d 1176, 1186 (6th Cir. 2006) (abrogated on other grounds) (quoting *Liteky v. Untied States*, 510 U.S. 540, 551 (1994)). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge . . . . [But] they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* (quoting *Liteky*, 510 U.S. at 555). "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display,' by contrast, do not establish such bias or partiality." *Id.* (quoting *Liteky*, 510 U.S. at 555–56).

Plaintiff alleges that, at the hearing before the Magistrate Judge on September 29, 2025, the Court "disparaged both Hakeem and Plaintiff as 'just Pro Se,' and

13

minimized Plaintiff's . . . filings as mere 'volume.'" (ECF No. 79, PageID #1365 & #1370.) Further, Plaintiff alleges that the Court "trivialized the Estate's filings as 'procedural,'" and that its "tone and rulings . . . reflect partiality." (ECF No. 80, PageID #1389–90.) Whatever Plaintiff's subjective interpretation of these statements were, such comments—if they occurred—are nothing more than observations. Plaintiff was *pro se*. Further, as previously noted, Plaintiff filed over 400 pages worth of arguments, exhibits, affidavits, and other documents prior to the Court dismissing Plaintiff's claims. An observation that such a volume of filings amounts to a considerable quantity of documents in no way comments on the merit, or lack of merit, of any of those filings. None of this conduct demonstrates a high degree of favoritism or antagonism. *Lyell*, 470 F.3d at 1186 (quoting *Liteky*, 510 U.S. at 555). Nor could any reasonable, objective observer conclude otherwise.

### II.H. Alleged Misapplication of the Law

Plaintiff claims that the Court misapplied the law on exhaustion under the Prison Litigation Reform Act because it allegedly ignored a statement by Mr. Sultaana that he "was kept in the hole nine months without access to a tablet or grievance forms." (ECF No. 79, PageID #1366; ECF No. 80, PageID #1385; ECF No. 80-2, PageID #1422; ECF No. 83, PageID #1443; ECF No. 84, PageID #1453.) To the contrary, the Court acknowledged these circumstances in its ruling, (ECF No. 72, PageID #1160–62 & #1173.) Contrary to that claim, the record shows that Mr. Sultaana was able to file grievances during that period of time. (*Id.*, PageID #1175.) Indeed, Mr. Sultaana supplied that evidence himself. (*Id.*)

Plaintiff contends that the Court failed to apply *Ross v. Blake*, 578 U.S. 632 (2016), in its exhaustion analysis. Not true. The Court cited and relied on *Ross* throughout its analysis. (ECF No. 72, PageID #1171–3 & #1177.) Indeed, in *Ross*, 578 U.S. at 638–39, the Supreme Court acknowledged that complete exhaustion is a mandatory requirement that cannot be excused. Therefore, in determining that Mr. Sultaana did not exhaust his administrative remedies before bringing a federal civil rights action, the Court did not fail to apply *Ross*. (ECF No. 72, PageID #1184.)

**II.I. Wrongful Death**

Plaintiff argues that "[r]einstatement is essential to . . . ensure that constitutional claims of assault, medical neglect, and wrongful death are heard on their merits." (ECF No. 78, PageID #1270.) Plaintiff provides arguments regarding a wrongful death claim in other filings as well. (*See, e.g.*, ECF No. 79, PageID #1366–67.) But claims such as wrongful death were never brought in the first place. Ms. Sultaana was provided with the opportunity to amend the original complaint following the death of her son and her substitution, but she chose not to amend or to assert such a claim, contrary to what she says now. (ECF No. 80, PageID #1394.) As the Court observed in its ruling, Hakeem Sultaana made serious allegations that merit investigation and appropriate consideration. However, because Mr. Sultaana failed to exhaust his administrative remedies before beginning a federal civil rights action, those efforts fall to other authorities to undertake. (ECF No. 72, PageID #1184.)

Further, Plaintiff contends that the Court erred by not addressing "substantive evidence of repeated assaults, medical neglect, and deliberate indifference that

15

resulted in the death of Hakeem Sultaana." (ECF No. 80, PageID #1390.) But the Court addressed all of the alleged assaults and Plaintiff's allegations against the prison officials in its ruling. (ECF No. 72, PageID #1155–67.) Plaintiff claims that, by allegedly "focusing solely on procedural defenses," the Court was deliberately indifferent to Plaintiff's medical needs under *Estelle v. Gamble*, 429 U.S. 97 (1976) and *Farmer v. Brennan*, 511 U.S. 825 (1994). (ECF No 80, PageID #1390.) Both of those cases address deliberate indifference in the prison context, not the judicial context. *Estelle*, 429 U.S. at 98; *Farmer*, 511 U.S. at 828. Moreover, as the Court previously acknowledged (ECF No. 72, PageID #1171), under the Prison Litigation Reform Act of 1996, a prisoner may not bring an action "with respect to prison conditions under section 1983 . . . until such administrative procedures as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012).

## CONCLUSION

For all the foregoing reasons, the Court **DENIES** Plaintiff's motions. (ECF No. 77; ECF No. 78; ECF No. 79; ECF No. 80; ECF No. 81; ECF No. 82; ECF No. 83; ECF No. 84; ECF No. 85; ECF No. 86.) Further, because the Court dismissed this case and denied any and all motions for reconsideration, the Court **DENIES AS MOOT** Plaintiff's request to preserve the Estate's standing and appoint independent pro bono counsel. (ECF No. 85.) Finally, the Court advises Ms. Sultaana that, if she persists in making frivolous filings, the Court will restrict her ability to file papers in the Northern District of Ohio.

**SO ORDERED.**

Dated: October 24, 2025

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio