## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

AMIRAH SULTAANA,                    )      Case No. 1:23-cv-01791
ADMINISTRATOR OF THE                )
ESTATE OF HAKEEM                    )      Judge J. Philip Calabrese
SULTAANA, DECEASED,                 )
                                    )      Magistrate Judge Reuben J. Sheperd
            Plaintiff,              )
                                    )
v.                                  )
                                    )
MANSFIELD WARDEN TIM                )
MCCONAHAY, *et al.*,                )
                                    )
            Defendants.             )
                                    )

## OPINION AND ORDER

Plaintiff Hakeem Sultaana, an Ohio prisoner incarcerated at the Ross Correctional Institution, filed this action without a lawyer against twelve Defendants, including prison staff, employees of the Ohio Department of Rehabilitation and Correction, and members of the Ohio State Highway Patrol. The complaint alleged violations of Mr. Sultaana's federal civil rights under 42 U.S.C. § 1983 for incidents that allegedly occurred during his incarceration at the Mansfield Correctional Institution. After more than a year of litigation, Mr. Sultaana passed away. Pursuant to Rule 25(a)(1), Amirah Sultaana, Mr. Sultaana's mother and the administrator of his estate, was substituted as the proper party.

On September 30, 2025, the Court granted Defendants' motion for judgment on the pleadings and dismissed Plaintiff's claims without prejudice. (ECF No. 72.) Following that ruling, Plaintiff filed roughly 440 pages constituting 10 motions for

leave to file various supplemental briefs, exhibits, and affidavits, preserve estate rights, and a motion to vacate, amend, or reconsider the judgment, among other things.  On October 24, 2025, the Court liberally construed all of these filings as a motion for reconsideration pursuant to Rule 59 and Rule 60 and denied the motions. (ECF No. 87, PageID #1690.)  Further, the Court advised Ms. Sultaana that, if she persisted in making frivolous filings, the Court would restrict her ability to file papers in the Northern District of Ohio.  (*Id.*)

On October 27, 2025, the Court received 16 additional motions from Ms. Sultaana which indicated that they had been filed on October 24, 2025.  (ECF No. 88; ECF No. 89; ECF No. 90; ECF No. 91; ECF No. 92; ECF No. 93; ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98; ECF No. 99; ECF No. 100; ECF No. 101; ECF No. 102; ECF No. 103.)  Had they been filed after October 24, 2025, the Court would have stricken them following its warning to Ms. Sultaana regarding frivolous filings.  (ECF No. 87, PageID #1676.)  However, because these motions appear to have been filed on the same day as the Court's ruling on Ms. Sultaana's previous motions, the Court briefly addresses them here out of an abundance of caution.  The Court does so briefly because all of the latest motions either repeat Ms. Sultaana's previous arguments, are irrelevant to the Court's determination that Mr. Sultaana failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act of 1996, or are procedurally moot.

Also, the Court received two additional filings from Plaintiff dated October 27, 2025.  (ECF No. 104; ECF No. 105.)  The first is an additional reconsideration motion

2

of the Court's reconsideration Order. (ECF No. 104.) The second is a document called a motion for leave *instanter* to file notice of clarification and preservation of right. (ECF No. 105.)

## ANALYSIS

Generally, the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 delineate the circumstances under which a court will grant reconsideration. Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). Further, a district court does not abuse its discretion in denying a motion for reconsideration when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

Plaintiff does not argue that there was an intervening change in the controlling law. Therefore, the Court liberally construes Plaintiff's arguments as either an argument to establish that new evidence is available, that clear error occurred or that

reconsideration is necessary to prevent a manifest injustice. *Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

## I.     Contemporaneous Filings

First, the Court addresses Plaintiff's 16 filings dated October 24, 2025, the same day the Court entered its reconsideration order.  (ECF No. 72.) Upon review of these filings, all of them either (1) repeat Plaintiff's previous arguments; (2) make conclusory allegations or provide evidence immaterial to the Court's determination that Mr. Sultaana failed to exhaust administrative remedies pursuant to the Prison Litigation Reform Act of 1996; or (3) address procedural issues regarding refiling, clarification, or amendments that are now moot.

### I.A.    Duplicative Arguments

Plaintiff moves for leave to file a supplemental motion to vacate or amend judgment pursuant to Rules 59 and 60.  (ECF No. 89, PageID #1696; ECF No. 91, PageID #1716.)  In these motions, Plaintiff raises nearly identical arguments to her previous filings or discusses material irrelevant to the Court's exhaustion analysis. (*See generally* ECF No. 89; ECF No. 91.)

Similar to previous filings, Plaintiff alleges that the Court did not properly apply the Prison Litigation Reform Act, failed to rule on pending motions, Plaintiff was denied meaningful access to the courts, overlooked evidence and affidavits, and exhibited judicial bias and that Defendants engaged in fraudulent misrepresentation, Plaintiff was denied leave to amend the complaint, records were suppressed, counsel was ineffective, Mr. Sultaana's death nullified pending litigation, Defendants failed to comply with Court orders, and Defendants committed fraud on the Court, among

4

other variations of these arguments.  (ECF No. 89, PageID #1704–07; ECF No. 91, PageID #1721; ECF No. 92, PageID #1812–15; ECF No. 93, PageID #1820–22; ECF No. 100, PageID #1848.)  The Court addressed all of these arguments or some variant of them in its previous ruling.  (ECF No. 72, PageID #1167–84.)  Therefore, the Court denies these requests for the same reasons as did previously.  (*Id.*)

Also, Plaintiff moves for leave to file a motion to "recognize and incorporate total twenty judicial errors."  (ECF No. 90, PageID #1711.)  Of these alleged errors, Plaintiff acknowledges that thirteen of them were "previously documented."  (*Id.*, PageID #1711–12.)  Plaintiff provides a single sentence for each of the remaining seven alleged errors, amounting to conclusory statements.  (*Id.*, PageID #1713.)  Plaintiff fails to develop any argument for these additional claimed errors.  Therefore, they are waived, and the Court need not address them further.

### I.B.   New Evidence

To the extent that any of the evidence in Plaintiff's latest filings differs from that previously provided, it was previously available.  Nor does it have any bearing on the Court's determination that Mr. Sultaana failed to exhaust his administrative remedies pursuant to the Prison Litigation and Reform Act of 1996.  (ECF No. 72, PageID #1184.)  Plaintiff makes conclusory allegations with no material documentary evidence regarding fraud, conspiracy, premediated murder, retaliation, details about assaults, records, and other allegations of violence and conspiracies.  (ECF No. 89, PageID #1696–1704; ECF No. 91, PageID #1717–20; ECF No. 103, PageID #1877–82.)  Plaintiff attaches a number of exhibits and affidavits to her filings, which include alleged details and accusations regarding assaults, prison conditions, abuse, and

neglect, as well as repeated conclusory legal arguments. (*See* attachments, ECF No. 91.) Again, none of these attachments have any bearing on the Court's determination that Mr. Sultaana failed to exhaust his administrative remedies. (ECF No. 72, PageID #1184.)

Also, Plaintiff accuses Mansfield Correctional Institution of being a "knowing participant in a twelve-year continuum of calculated abuse and coordinated homicide," working with "ODRC central command CoreCivic NEOCC officials to develop and refine methods of psychological torture, orchestrated gang assaults, and medically induced incapacitation of Hakeem Sultaana." (ECF No. 103, PageID #1877–78.) Like her other filings, Plaintiff provides no documentary evidence to support her conclusory allegations against these parties, and the Court will not entertain speculation of such serious accusations without evidence. (*See generally id.*)

For these reasons, the Court once more determines that Plaintiff has failed to present new evidence warranting reconsideration. *See Louisville/Jefferson Cnty. Metro. Gov't*, 590 F.3d at 389.

### I.C.  Procedural Issues

Plaintiff moves for leave to file a corrected notice of memorandum of law in place of a previous filing. (ECF No. 88, PageID #1692.) She claims that the previous filing (ECF No. 79), contains 21 pages with preliminary drafts and duplicate material, and that the new 15-page filing accurately reflects her arguments. (ECF No. 88, PageID #1692.) But Plaintiff provides no indication what these new arguments are. Nor does she demonstrate that they would be any different from her previous one

that the Court already rejected.  (*See generally id.*)  Also, Plaintiff files a request that
"any omitted pages or attachments be formally restored or readopted by reference."
(ECF No. 94, PageID #1826.)  But she provides no explanation as to what pages are
missing, nor why she did not remedy this issue in her many other filings.  (*See
generally id.*)

In addition, Plaintiff files a motion to clarify that certain filings were
"supplemental" instead of merely an "affidavit" or "exhibit."  (ECF No. 96, PageID
#1833.)  It is not clear to the Court what impact such a labeling would have.  The
Court reviewed every filing, regardless of its title.  The same is true for Plaintiff's
request to file notice regarding the designation of prior affidavits and exhibits as
"supplemental" (ECF No. 97, PageID #1836) or "designated supplemental nunc pro
tunc to original filing date" (ECF No. 98, PageID #1839).  Also, Plaintiff moves for
leave to file a corrected certificate of service for a previous filing (ECF No. 84), but
this filing was on the electronic docket and was already ruled on in any event (ECF
No. 72), so this request is moot (ECF No. 101).  The same reasoning applies to
Plaintiff's motion for leave to file notice of a supplemental certificate of service for a
previous filing (ECF No. 83), which has already been ruled on (ECF No. 72) and is
moot (ECF No. 102).

Plaintiff moves for leave to file a "notice of clarification for record and appellate
purposes, to preserve the integrity of the record and correct any mischaracterization
concerning counsel appointment, representation, and procedural misconduct."  (ECF
No. 99, PageID #1842.)  In that filing, Plaintiff alleges failings of appointed counsel

similar to those that she previously raised. (*Id.*, PageID #1842–44.) In any event, regardless of their merit, Plaintiff's accusations are available in the record, and any appellate review will not be deprived of those arguments on appeal.

Plaintiff files a motion for leave to "preserve Plaintiff's appellate rights and to allow supplementation of the record prior to the filing of a formal Notice of Appeal." (ECF No. 95, PageID #1828.) Plaintiff has already filed multiple motions that the Court has liberally construed as post-judgment motions. The Court will not entertain another. Any further relief that Plaintiff seeks must be pursued on appeal, which she has already filed. (ECF No. 106.)

\* \* \*

For all the foregoing reasons, the Court **DENIES** Plaintiff's motions filed on October 24, 2025. (ECF No. 88; ECF No. 89; ECF No. 90; ECF No. 91; ECF No. 92; ECF No. 93; ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98; ECF No. 99; ECF No. 100; ECF No. 101; ECF No. 102; ECF No. 103.) Further, because the Court dismissed this case and denied any and all motions for reconsideration, the Court **DENIES AS MOOT** Plaintiff's requests to correct or supplement the record. (ECF No. 88; ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98; ECF No. 99; ECF No. 101; ECF No. 102.)

## II. Post-Reconsideration Order Filings

Next, the Court addresses Plaintiff's filings from October 27, 2025, following the Court's reconsideration order. (ECF No. 104; ECF No. 105.) Plaintiff again seeks reconsideration of the Court's September 30, 2025 ruling, as well as the Court's October 24, 2025 ruling in which it denied Plaintiff's first motion for reconsideration.

(ECF No. 104, PageID #1884.)  As the Court has already observed, it has liberally construed Plaintiff's hundreds of pages worth of filings as a motion for reconsideration, which it has denied.  (ECF No. 87.)  Further, it has liberally considered Plaintiff's additional filings on October 24, 2025 and denied them on similar grounds.  The latest motion for reconsideration makes further conclusory allegations, repeated arguments, and critiques of "typos" and characterizations. (ECF No. 104, PageID #1884–90.)  Further, it ignores the Court's determinations on several of its previous arguments.  (*See generally id.*)

Also, Plaintiff seeks leave to file "formal notice clarifying that the Estate preserves and maintains all rights, objections, and arguments previously asserted." (ECF No. 105, PageID #1892.)  Similar to Plaintiff's other attempts at clarification, this motion is immaterial because Plaintiff has not waived or forfeited the claims in the original complaint for purposes of appeal.  Nor is the Court aware of any "evidentiary rights" of which Plaintiff has been deprived.  (*Id.*)

For these reasons, the Court **DENIES** Plaintiff's motions filed on October 27, 2025.  (ECF No. 104; ECF No. 105.)

## CONCLUSION

For all the foregoing reasons, the Court **DENIES** Plaintiff's motions.  (ECF No. 88; ECF No. 89; ECF No. 90; ECF No. 91; ECF No. 92; ECF No. 93; ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98; ECF No. 99; ECF No. 100; ECF No. 101; ECF No. 102; ECF No. 103; ECF No. 104; ECF No. 105.)  Further, because the Court dismissed this case and denied any and all motions for reconsideration, the

Court **DENIES AS MOOT** Plaintiff's requests to correct or supplement the record. (ECF No. 88; ECF No. 94; ECF No. 95; ECF No. 96; ECF No. 97; ECF No. 98; ECF No. 99; ECF No. 101; ECF No. 102; ECF No. 104.)

In its last Order, the Court warned Ms. Sultaana that, if she persisted in making frivolous filings, the Court would restrict her ability to file papers in the Northern District of Ohio.  (ECF No. 87, PageID #1690.)  Ms. Sultaana has persisted nonetheless.  Therefore, the Court **ENJOINS** Plaintiff from filing any new motions in this case without first seeking and obtaining leave to do so and **DIRECTS** the Clerk of Court not to accept any more filings from Plaintiff.  The Court will *not* grant leave for any further filing that does not comply with the page limits of the Local Rules or clearly set forth specific relief sought and the grounds for it.  Any further relief that Plaintiff seeks must be pursued on appeal, which she has already filed. (ECF No. 106.)

**SO ORDERED.**

Dated:  October 28, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio